UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

FRANCISCO M. VAZQUEZ,

Plaintiff,

v.

ALLEN COUNTY JAIL, et al.,

Defendants.

CAUSE NO. 1:21-CV-436-HAB-SLC

OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Vazquez alleges that, on October 29, 2021, prison officers violated his constitutional rights because they read his confidential psychiatric medical requests. ECF 1 at 2. He states that during a cell search in D-Block, Officer Morgan made insulting and demeaning comments about his medical requests to other inmates. *Id*. As a result of Morgan's actions, Vazquez maintains that his whole cell block now insults and humiliates him. *Id*. He states that his medical requests are confidential, and

the disclosure of that information violates the privacy rules of the Health Insurance

Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d *et seq. Id.*

Vazquez's allegations do not state a claim for relief. If Morgan disclosed

Vazquez's psychiatric medical requests, such conduct is certainly unprofessional, but

HIPAA does not create a private right of action. See *Dittmann v. ACS Human Servs. LLC*,

210 F. Supp. 3d 1047, 1054 (N.D. Ind. 2016). "Only the Secretary of Health and Human

Services or the Attorney General of a state may bring an enforcement action under

HIPAA." *Id.* Therefore, Vazquez has not stated a viable constitutional claim against

Morgan.

Vazquez has also sued the Allen County Jail. However, he may not proceed

against the jail because it is a building and not a suable entity. *Smith v. Knox County Jail*,

666 F.3d 1037, 1040 (7th Cir. 2012). Thus, he cannot proceed on this claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected,

especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad

discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v.*

*Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously

explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on February 2, 2022.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

2